IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

    v.                                     **Criminal No. 95-79-002**
                                                **ELECTRONICALLY FILED**

**ERIC L. CARTER**

## Memorandum Order

Currently pending before this Court is defendant's "Motion for Reconsideration of Probation Violation Sentence." (Doc. No. 242). Defendant was indicted on May 4, 1995 on three counts of drug conspiracy, theft of a firearm from a firearms dealer, and possession of a firearm by a convicted felon. On August 10, 1995, defendant entered a guilty plea to all three counts of the indictment before the Honorable Robert J. Cindrich and was sentenced to 60 months imprisonment at count one and 92 months at counts two and four to be served concurrently. Defendant was released from custody and placed on supervised release on January 10, 2004, and approximately eleven (11) days later, defendant committed a serious robbery offense which ultimately led to his conviction by a jury in the Allegheny County Court of Common Pleas (hereinafter "state court").

This Court was reassigned this case upon the probation office's filing of a petition on violation of supervised release (doc. no. 177), and conducted a show cause hearing on September 7, 2005, at which defendant was represented by counsel. This Court ultimately revoked defendant's term of supervised release based upon defendant's guilty verdict in state court to robbery and related charges. On September 23, 2005, this Court amended the original judgment (dated December 22, 1995) and sentenced defendant to twenty-four (24) months imprisonment to

be served consecutive to the ten (10) to twenty (20) year sentence of imprisonment he received in state court (doc. no. 184).

Defendant never filed a direct appeal or other collateral appeal from the judgment of September 23, 2005 (doc. no. 184). Now, over five (5) years later, defendant has filed the instant motion seeking this Court to reconsider its judgment and resentence him, proposing one of three options. Defendant argues that the Court should resentence him on the 2005 probation violation by: (1) ordering said sentence to run concurrent rather than consecutive to his state court sentence; (2) reducing the his term of twenty-four (24) months imprisonment by twelve (12) months; or (3) sentencing him to twelve (12) months incarceration and six (6) months of community confinement.

In support of his proposition that his judgment should be "reconsidered," defendant alleges that the 2005 violation of his supervised release was his "first time violating his probation," that he has since "accepted his responsibility for his wrongful actions," and . . . "has not had any misconducts and has maintain [sic] an excellent job report." (Doc. No. 242).

While defendant titles his motion as one for "reconsideration," the Court will construe it as a motion to modify sentence under Title 18, United States Code, Section 3582(c). Title 18 United States Code Section 3582(b) states that a judgment of conviction constitutes a final judgment for all purposes, which may not be modified, except under three limited circumstances. The first exception is that such a sentence may be modified under Section 3582(c) upon motion by the Director of the Bureau of Prisons (BOP) if it finds that extraordinary and compelling reasons warrant a reduction, or defendant is at least 70 years of age, has served at least 30 years in prison, and the BOP has determined that the defendant is not a danger to the community. The

2

second exception is that such a sentence may be modified "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedures." The third and final exception permits a sentence reduction where the Sentencing Guidelines have been lowered after sentencing, and given retroactive effect.

Simply stated, there is no statutory authority that permits this Court to reduce defendant's sentence. None of the above exceptions are applicable to this case, and thus the Court will decline to modify or otherwise reduce defendant's sentence. Defendant's "Motion for Reconsideration of Probation Violation Sentence" (doc. no. 242) is therefore DENIED.

SO ORDERED, this 13th day of December, 2010.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge


cc: All counsel of record

Eric L. Carter aka Lamont Booth
DC # GG-1009
Housing Unit AB
SCI Forest
Box 945
Marienville, PA 16239